IN THE UNITED STATES COURT
FOR THE DISTRICT OF NEW MEXICO

**CLEOVA SALAS,**

        Plaintiff,

**v.**                                                  No. I:25-CV-00544 KRS/JFR

**CITY OF ALBUQUERQUE,
RICHARD MCCURLEY, BRIAN BOYD,
GARY GILLIARD, REGINA SAMANIEGO,
and SHERRY BUCKMAN,**

        Defendants.

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR SEX DISCRIMINATION, SEXUAL HARASSMENT, RETALIATION, HOSTILE WORK ENVIRONMENT, AND BREACH OF CONTRACT

      **COMES NOW,** Defendants City of Albuquerque, Richard McCurley, Brian Boyd, Gary Gillard, Regina Samaniego, and Sherry Buckman (hereinafter "Defendants") and hereby submit this Answer to Plaintiff's Complaint for Sex Discrimination, Sexual Harassment, Retaliation, Hostile Work Environment, and Breach of Contract ("Complaint").

## GENERAL DENIAL

      Defendant denies all allegations of all paragraphs of Plaintiff's Complaint which are not specifically admitted below, including any statements or conclusions of law contained therein, and denies that Plaintiff is entitled to any relief.

## PARTIES, JURISDICTION, AND VENUE

1. Defendants admit the allegations contained in Paragraph 1 of the Complaint.

2. Defendants deny that the City of Albuquerque Department of Aviation is a municipality under state law, however admit that the City of Albuquerque is a municipality under state law. The remainder of Plaintiff's allegations in Paragraph 2

Defs.' Answer to Pl.'s Compl.
Cleova Salas v. City, et al.
Page **1** of 13

contain legal conclusions to which a response is not required. To the extent a response deemed required, those allegations are denied.

3. Defendants admit the allegation in Paragraph 3.

4. Defendants admit the allegation in Paragraph 4.

5. Defendants admit the allegation in Paragraph 5.

6. Defendants admit the allegation in Paragraph 6

7. Defendants admit the allegation in Paragraph 7.

8. Defendants deny the allegations in Paragraph 8.

9. Defendants admit this Court has jurisdiction over this matter.

10. Defendants deny that the alleged acts referenced in Paragraph 10 occurred but admit that venue is proper in this Court

11. Paragraph 11 call for a legal conclusion to which a response it not required. If a response is deemed required, Defendants are without sufficient knowledge to admit or deny the allegation in Paragraph 11.

12. Defendants admit the allegations in Paragraph 12.

13. Defendants deny the allegations in Paragraph 13.

14. Defendants deny the allegations in Paragraph 14.

15. Paragraph 15 calls for a legal conclusion to which a response it not required. If a response is deemed required, Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 15.

## GENERAL ALLEGATIONS

16. Paragraph 16 does not require a response.

17. Regarding the allegations in Paragraph 17, Defendants admit that Ms. Salas was hired

Defs.' Answer to Pl.'s Compl.
Cleova Salas v. City, et al.
Page **2** of **13**

around August 5, 2005, but City records show a hire date of August 6, 2002. Defendants further admit that Ms. Salas began working for the DOA in November 2022.

18. Defendants deny the allegation in Paragraph 18.

19. In Regard to the allegations in Paragraph 19, Defendants are without sufficient information to admit or deny what lengths Ms. Salas has gone to but deny that Mr. Boyd has stared at her as alleged. Defendants admit that Ms. Salas made a complaint to Defendant Samaniego that Mr. Boyd was sexually harassing her.

20. Defendants deny the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants are without sufficient information to admit or deny whether Ms. Salas was extremely fearful of reporting Defendant Boyd to HR but deny that any coworker has been retaliated against after reporting Defendant Boyd of the exact same behavior. Defendants admit that Defendant Boyd and Defendant Director McCurley have worked together in the past and are colleagues but deny that they are personal friends. Defendants admit that Defendant Boyd is a Deputy Director and has authority in the management of DOA, but deny that he has "substantial influence." Defendants are without sufficient information to admit or deny whether Ms. Salas feared that if she reported him, she would be placing her career in jeopardy.

25. Regarding the allegations in Paragraph 25, Defendants deny that Defendant Boyd stared but are without sufficient information to admit or deny whether Ms. Salas was

Defs.' Answer to Pl.'s Compl.
Cleova Salas v. City, et al.
Page **3** of **13**

distressed or whether she did not want to continue to use her sick leave and vacation time to avoid the staring that Defendants deny. Defendants are without sufficient information to admit or deny whether Ms. Salas worked up courage to report Defendant Boyd, however, Defendants admit that Ms. Salas has made complaints about Mr. Boyd. Defendants are without sufficient information to admit or deny what was clear to Ms. Salas. Defendants deny that Defendant Boyd sexually harassed Ms. Salas and further deny that Defendants would not do anything to prevent sexual harassment.

26. Defendants deny the allegation in Paragraph 26.

27. Regarding the allegations in Paragraph 27, Defendants are without sufficient information to admit or deny whether Ms. Salas did anything to prevent Defendant Boyd from staring at her chest, which Defendants deny Defendant Boyd did. Defendants are without sufficient knowledge to admit or deny that Ms. Salas started wearing compression shirts underneath baggy shirts and oversized blazers or that she would prop up her notebooks during meetings to block Defendant Boyd's view of her chest or would take alternate routes around the building to avoid running into Defendant Boyd or whether she used her sick leave and vacation time just to avoid him.

28. Regarding the allegations in Paragraph 28, Defendants are without sufficient knowledge to know whether Ms. Salas took any measure to avoid Defendant Boyd's staring, which they deny occurred, and are without sufficient knowledge to admit or deny whether any measures she took interfered with her ability to perform her job duties.

Defs.' Answer to Pl.'s Compl.
Cleova Salas v. City, et al.
Page **4** of **13**

29. Regarding the allegations in Paragraph 29, Defendants admit that Ms. Salas participated in an out-of-office retreat but deny that she was paired with Defendant Boyd or forced to brush up against him during the entirety of the exercise.

30. Defendants deny that Defendant Boyd stared at Ms. Salas chest as alleged in Paragraph 30. Regarding the remainder of Plaintiff's allegations in Paragraph 30, Defendants are without sufficient information to admit or deny whether Defendant Boyd's breathing made Ms. Salas extremely uncomfortable. Defendants are without sufficient information to admit or deny whether Ms. Salas was in tears or demanded to meet with Director McCurley. Defendants are without sufficient knowledge to admit or deny whether Ms. Salas had a strong fear of retaliation based on any alleged experiences with HR or observations of Defendant Boyd's preferential treatment—which Defendants deny—or whether Ms. Salas cancelled any meeting and called in sick.

31. Defendants deny that Defendant Boyd stared at Ms. Salas's chest as alleged in Paragraph 31.

32. Defendants deny that Defendant Boyd stared at Ms. Salas's chest as alleged in Paragraph 32.

33. Regarding Paragraph 33, Defendants admit that Ms. Salas verbally confronted Defendant Boyd in relation to her accusations that he stared at her chest but deny that he was staring at her chest.

34. Defendants are without sufficient information to admit or deny the allegations in Paragraph 34.

35. Regarding the allegations in Paragraph 35, Defendants deny that Ms. Salas and her

Defs.' Answer to Pl.'s Compl.
Cleova Salas v. City, et al.
Page **5** of **13**

supervisor both filed complaints with HR about Defendant Boyd's alleged sexual harassment on or around December 12, 2023. On or around December 6, Ms. Salas's supervisor, Rhonda Methvin, submitted a written complaint with allegations against Defendant Boyd on Ms. Salas behalf.

36. Defendants admit that the City investigated Ms. Salas's allegations against Defendant Boyd and her and her supervisor's allegations of retaliation, but deny that the City or the other Defendants retaliated against her or her supervisor.

37. Defendants deny the allegations in Paragraph 37 because Ms. Salas has never directly reported to Defendant Boyd. She has always reported to Rhonda Methvin. Defendants admit that Defendant Boyd was not placed on administrative leave. Defendants are without sufficient information to admit or deny whether Ms. Salas was surprised or whether she had observed other employees against whom allegations of sexual harassment were made were put on leave immediately after such allegations were made.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42

43. Regarding the allegations in Paragraph 43, Defendants admit that the Deputy Director under which Ms. Salas operates changed to Gary Gilliard, but deny that this was related to any reports she made about Defendant Boyd's alleged behavior. Ms. Salas always has and continued to report directly to Rhonda Methvin. When the Deputy

Defs.' Answer to Pl.'s Compl.
Cleova Salas v. City, et al.
Page **6** of **13**

Director Rhonda Methvin reported to Gary Gilliard, it necessarily meant that Ms. Salas was under Gary Gilliard's chain of command. Defendants deny that Ms. Salas has been excluded from weekly manager meetings. Defendants are without sufficient knowledge to admit or deny whether attending any alleged weekly manager meetings would have greatly benefited Ms. Salas.

44. Regarding the allegations in Paragraph 44, Defendants admit that Ms. Salas was not offered a position for which she applied. Defendants are without sufficient knowledge to admit or deny whether she was highly qualified but deny that any report she made about alleged sexual harassment by Defendant Boyd had anything to do with why she was not offered the position or that the reason she was not selected for this position was suspicious. Defendants are without sufficient knowledge to admit or deny that she was highly qualified or that her education and experience directly related to the position. Defendants are without sufficient knowledge to admit or deny whether Ms. Salas was notified that she did not get the position by accident in front of all of her colleagues.

45. Defendants deny the allegations in Paragraph 45.

46. Regarding the allegations in Paragraph 46, Defendants deny that Defendants Samaniego and Buckman have been hypercritical of Ms. Salas's every action in an attempt to catch Ms. Salas in a mistake. Defendants are without sufficient knowledge to admit or deny whether Ms. Salas has experienced extreme stress or whether she takes her job performance seriously.

47. In regards to Paragraph 47, Defendants deny that an "intrusive audit" was done into Ms. Salas's overtime practices. Defendants received a complaint from Aviation

Defs.' Answer to Pl.'s Compl.
Cleova Salas v. City, et al.
Page **7** of **13**

Finance and an employee Ms. Salas supervised alleging she had changed an employee's timesheet and that she had required an employee to work beyond what state regulation allows in a 24-hour period. Defendants are without sufficient information to admit or deny whether this was stressful to Ms. Salas. Rhonda Methvin conducted this investigation and did find that Ms. Salas was in compliance.

48. Defendants deny that Defendant Samaniego "inappropriately accused" Ms. Salas of discrimination as alleged in Paragraph 48. Ms. Salas told Defendant Samaniego that Ms. Salas wanted applicants screened for certain conditions, and Defendant Samaniego expressed concern that doing so would constitute disability discrimination.

49. Defendants deny the allegation in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Regarding Paragraph 52, Defendants are without sufficient information to know what Ms. Salas's supervisors were aware of and therefore are unable to admit or deny this allegation but deny that any of the City's actions were retaliatory. Defendants are without sufficient information to admit or deny whether Ms. Salas's supervisors have suggested that she seek legal counsel or whether they have consistently agreed nervously when Ms. Salas points out retaliation (which retaliation Defendants deny) or whether her supervisors explicitly acknowledged that HR was being retaliatory (which retaliation Defendants deny) regarding any alleged audit into Ms. Salas's overtime practices.

53. Defendants deny the allegations in Paragraph 53.

Defs.' Answer to Pl.'s Compl.
Cleova Salas v. City, et al.
Page **8** of **13**

54. Defendants deny the allegations in Paragraph 54.

55. Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 55.

56. Defendants deny the allegation that Ms. Salas has endured sexual harassment and retaliation as alleged in Paragraph 56.

57. Defendants deny that Defendant Boyd sexual harassed Ms. Salas or that he has been expressly permitted by the City to harass or retaliate against her but admit that Defendant Boyd has not been disciplined based on Ms. Salas's allegations.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

## CLAIM I – SEX DISCRIMINATION (All Defendants)

61. Paragraph 61 does not require a response.

62. Defendants deny the allegation in Paragraph 62.

63. Defendants deny the allegation in Paragraph 63.

64. Defendants deny the allegation in Paragraph 64.

65. Defendants deny the allegation in Paragraph 65.

66. Defendants deny the allegation in Paragraph 66.

## CLAIM II – SEXUAL HARRASMENT (Defendants Boyd and the City)

67. Paragraph 67 does not require a response.

68. Regarding Paragraph 68, Defendants Boyd and the City deny that Defendant Boyd has unrelentingly stared at Ms. Salas's chest. The remainder of Paragraph 68 calls for a legal conclusion to which no response is required, but to the extent a response is

Defs.' Answer to Pl.'s Compl.
Cleova Salas v. City, et al.
Page **9** of **13**

deemed required, Defendants Boyd and the City deny the same.

69. Defendants Boyd and the City deny the allegations in Paragraph 69.

70. Defendants Boyd and the City deny the allegation in Paragraph 70.

71. Regarding the allegations in Paragraph 71, Defendants Boyd and the City deny that Defendant Boyd engaged in any highly inappropriate or unprofessional conduct. Defendants Boyd and the City are without sufficient information to admit or deny whether Ms. Salas has felt extremely uncomfortable but deny that he has or has continued to stare at her chest.

72. Defendant City denies the allegations in Paragraph 72.

73. Paragraph 73 calls for a legal conclusion to which a response is not required, but to the extent a response is required, Defendant City denies the same.

74. Defendants Boyd and the City deny the allegations in Paragraph 74.

75. Defendants Boyd and the City deny the allegations in Paragraph 75.

## CLAIM III – RETALIATION (All Defendants)

76. Paragraph 76 does not require a response.

77. Defendants deny the allegation in Paragraph 77.

78. Defendants deny the allegation in Paragraph 78

79. Defendants deny the allegation in Paragraph 79.

80. Defendants deny the allegation in Paragraph 80.

81. Defendants deny the allegation in Paragraph 81.

## CLAIM IV:  BREACH OF CONTRACT (The City)

82. Paragraph 82 does not require a response.

83. Defendant City admits the allegation in Paragraph 83.

Defs.' Answer to Pl.'s Compl.
Cleova Salas v. City, et al.
Page **10** of 13

84. Defendant City admits the allegation in Paragraph 84.

85. Defendant City admits the allegation in Paragraph 85.

86. Defendant City denies the allegation in Paragraph 86.

87. Defendant City denies the allegation in Paragraph 87.

88. Defendant City denies the allegation in Paragraph 88.

89. Defendant City denies the allegation in Paragraph 89.

## REQUEST FOR RELIEF

The City respectfully requests this Court to deny judgment in favor of the Plaintiff, and deny Plaintiff the relief requested in subparts A, B, C, D, and E.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted. Defendant will file a Motion to Dismiss.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

## THIRD AFFIRMATIVE DEFENSE

Defendants breached no duty to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

All activities of Defendants were lawful, in good faith, taken for legitimate nondiscriminatory business reasons, and in the exercise of governmental functions.

## FIFTH AFFIRMATIVE DEFENSE

Some of these claims may be barred for failure to exhaust administrative remedies.

**WHEREFORE**, having fully answered Defendants requests an Order of this Court dismissing Plaintiffs' Complaint in its entirety, assessing the costs of Defendants to Plaintiff, and

Defs.' Answer to Pl.'s Compl.
Cleova Salas v. City, et al.
Page **11** of **13**

for such other and further relief as this court deems just and proper in the premises.

        Respectfully submitted,

        CITY OF ALBUQUERQUE
        Lauren Keefe, City Attorney


        */s/ William J. Grigg*
        William J. Grigg
        Managing City Attorney
        Angelica Anaya-Allen
        Assistant City Attorney
        Counsel for Defendants
        P. O. Box 2248
        Albuquerque, NM  87l03
        (505) 768-4500
        wgrigg@cabq.gov
        aanayaallen@cabq.gov

Defs.' Answer to Pl.'s Compl.
Cleova Salas v. City, et al.
Page **12** of **13**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2025, a true copy of the foregoing was served to the following through the Court's electronic service system:

Samantha M. Adams
Arlyn G. Crow
Adams & Crow Law Firm
5051 Journal Center Blvd. NE
Suite 320
Albuquerque, NM  87109
(505) 582-2819
sam@adamscrow.com
arlyn@adamscrow.com

*/s/ William J. Grigg*
William J. Grigg
Managing City Attorney

Defs.' Answer to Pl.'s Compl.
Cleova Salas v. City, et al.
Page **13** of **13**